ROBERT FURSTENBERG, APPELLEE, v. NORTH GERMAN
LLOYD, APPELLANT.

Submitted July 8, 1910—Decided November 16, 1910.

Where an employe's duty to inspect an article he is using is inci-
dental to his duty to use such article, an injury due to his failure
to inspect cannot be charged by him to his employer if the latter
has, to the knowledge of the employe, a supply of such articles
on hand to be furnished to the employe upon his requisition.

On appeal.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the plaintiff, appellee, *Harlan Besson.*

For the defendant, appellant, *Bedle & Kellogg.*

The opinion of the court was delivered by

GARRISON, J.  In the District Court the plaintiff recovered
a judgment for injuries received by the falling of a barrel that
was being hoisted out of the hold of a vessel by means of a rope
net or sling.  Plaintiff was in the hold employed in loading the
net with barrels, and had just loaded it with the barrel that fell
through a break in the net.

The negligence ascribed to the defendant was the failure to
provide an inspector to examine the condition of the nets while
in use.  The witnesses of both plaintiff and defendant testified,
however, that an ample supply of nets was in the store house
on the pier, and that by a custom known to the men whenever
a new net was wanted by them it was supplied to them.  This
reasonable provision was not an abdication of the employer's
duty to inspect or a delegation of it to the employe, but, on the
contrary, was a recognition by both of the fact that the men
who were using the nets were, by opportunity and for their own
safety, the best judges of whether or not a net should be dis-

carded and a new one applied for. In the nature of things no one but the workman, who was constantly handling the net in this rough work, could observe the first signs of breakage or need of repair; no one would be so much endangered as he by his laxity in this respect and no precaution could go further than a rule that accorded to him the right to have a new net for the asking.

A privilege thus accorded involved a duty that was strictly incidental to the use that the employe was making of the article for the failure to perform which liability cannot be charged to the master if he has performed his duty by having a supply of such articles at hand to be furnished to the employe upon his requisition.

As Mr. Justice Dixon said, in the case of *Steamship Company* v. *Ingebregsten,* 28 *Vroom* 400, when the employe's duty to inspect or repair the apparatus is incidental to his duty to use such apparatus, the master is not responsible for his fault.

The motion for the direction of a verdict for the defendant should have been granted.

The judgment of the Second District Court of Jersey City is reversed, and a *venire de novo* awarded.